**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

NERY ACOSTA DE LA MEZA,

Petitioner,

v. Case No. 3:26-cv-3057-TJC-SJH

U.S. ATTORNEY GENERAL, et al.,

Respondents.

---

**ORDER**

On October 12, 2026, Petitioner Nery Acosta De La Meza, a native of Honduras, initiated this action through counsel by filing a Petition for Writ of Habeas Corpus. (Doc. 1). Respondents filed a Response (Doc. 5), and Petitioner filed a traverse in reply. (Doc. 6). Petitioner originally filed the petition in the Southern District of Florida because she was encountered by immigration authorities and detained in Miami. On November 4, 2026, the case was transferred to this Court because Petitioner was transferred to the Flagler County Jail in Bunnell, Florida, and she did not point to an "appropriate respondent" in the Southern District of Florida with authority to effectuate her release. (Doc. 10 at 3).

## I. Background

Petitioner entered the United States in February 2004 without

inspection. (Doc. 1 at 4). She has family ties in the United States, including a minor U.S. citizen child. (Id.). On September 28, 2012, Petitioner was convicted of third-degree Grand Theft in Broward County, Florida, and was sentenced to 18 months of probation, which she successfully completed. (Docs. 1 at 4; 5 at 1).

On May 14, 2013, U.S. Immigration and Customs Enforcement (ICE) served Petitioner with a Notice to Appear charging her with removability pursuant to various sections of the Immigration and Nationality Act. (Doc. 5 at 2). On August 1, 2019, an immigration judge denied Petitioner's applications for relief and ordered her removed to Honduras. (Id.). On August 27, 2019, Petitioner timely appealed the removal order to the Board of Immigration Appeals, which remains pending. (Id.). Thus, Petitioner's removal order is not yet final. Petitioner states that she "has been in compliance with an order of release on recognizance for over a decade." (Doc. 1 at 4).

On October 8, 2026, Petitioner was encountered by ICE "during a check-in" and was taken into custody. (Id.). Respondents state that Petitioner was detained following an interview confirming that she was "in violation of the conditions of her release on recognizance by failing to report her new address." (Doc. 5 at 2). On October 13, 2026, Petitioner was transferred to the Flagler County Jail. (Id.).

## II. Analysis

The Petition contains four counts, alleging: (1) Respondents have violated

the Immigration and Nationality Act; (2) Respondents have violated Petitioner's Fifth Amendment procedural due process rights; (3) Respondents have unlawfully used civil immigration detention for punitive purposes; and (4) Respondents have violated a class action judgment from the Northern District of California. (Doc. 1 at 10 et seq.). As to the first count, Petitioner argues that she is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) because she was not seeking admission at the time of her detention. (Id. at 10). In support, Petitioner points to the Eleventh Circuit decision in Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1276 (11th Cir. 2026), which held that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." As relief, Petitioner requests that the Court order Petitioner's immediate release "under reasonable conditions" or "strictly in the alternative, [order] a constitutionally sufficient bond hearing with appropriate safeguards." (Id. at 3, 15).

Notably, Respondents do not state which provision of the Immigration and Nationality Act authorizes Petitioner's detention. Because they acknowledge the decision in Hernandez Alvarez, (Doc. 5 at 5), the Court assumes Respondents intend to invoke § 1225(b)(2).[1] Respondents instead focus their arguments on exhaustion, arguing that the "Petition should be

---

[1] Respondents do not invoke 8 U.S.C. § 1226(c), the mandatory detention statute for non-citizens convicted of certain criminal offenses.

dismissed because Petitioner has failed to seek a custody redetermination hearing from an Immigration Judge and thus failed to exhaust available administrative remedies." (Id. at 1). Petitioner replies that she did request a bond hearing on October 15, 2026, but none has been scheduled. (Doc. 6 at 1).

Because Petitioner entered the United States without inspection and has been residing here for years, she is not properly detained under § 1225(b)(2). Rather, her detention is governed by § 1226, and she is entitled to an individualized bond hearing. Hernandez Alvarez, 175 F.4th at 1285 ("Simply put, the language that Congress has chosen to use does not grant to the Executive unfettered authority to detain, without the possibility of bond, every unadmitted alien present in the country."). The appropriate remedy is for Respondents to provide Petitioner with a meaningful bond hearing before an immigration judge, consistent with the regulations implementing § 1226(a). See Jennings v. Rodriguez, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)). If Respondents do not provide Petitioner with a meaningful bond hearing that complies with the requirements below, she must be released from custody.

Since the Court will grant the Petition based on Count One, it does not, and need not, address her other claims and arguments. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a

habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").[2]

Accordingly, it is hereby

**ORDERED**:

1. Nery Acosta De La Meza's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**. No later than **November 16, 2026**, Respondents shall either (1) provide Petitioner with an individualized bond hearing before an immigration judge or (2) release Petitioner from custody.

2. If Respondents provide Petitioner with an individualized bond hearing, the hearing must include—and the resulting order must reflect—consideration of evidence properly submitted by Petitioner and the factors announced in In re Guerra, 24 I&N Dec. 37 (BIA 2006). Furthermore, Petitioner's counsel must be given **48 hours advance notice** of the hearing.

3. If Respondents release Petitioner, they shall facilitate her transportation from the detention facility by notifying her counsel when and where he can be collected.

---

[2] For example, the Court declines to address Petitioner's due process arguments.

4. No later than **November 18, 2026**, Respondents **shall FILE** a copy of the immigration judge's order following Petitioner's individualized bond hearing or inform the Court that she has been released from custody.

4. The Clerk shall **enter judgment** granting the Petition and **close** the file.

5. The Court **retains jurisdiction** to effectuate this Order.

**DONE AND ORDERED** in Jacksonville, Florida this 6th day of November, 2026.

*Timothy J. Corrigan*
TIMOTHY J. CORRIGAN
Senior United States District Judge

hms
Copies:

Counsel of record